## BUTLER, Appellant, v. IVIE, Respondent.

1. Justices of the peace have jurisdiction of actions for the recovery of specific personal property not exceeding the value of fifty dollars.
2. If a plaintiff, to give the justice jurisdiction of an action for the possession of specific personal property, allege the value thereof to be fifty dollars, the action may be defeated by showing that the value of the property, upon a just estimate, would exceed fifty dollars.

Butler v. Ivie.

*Appeal from Newton Circuit Court.*

*Edwards & Ewing,* for appellant.

I. The court erred in giving the instruction asked by the defendant. The plaintiff alleged in his complaint that the value of the horse was fifty dollars, and even though that may be below the real value of the property, it can not injure the defendant, because he has the privilege of giving bond and retaining the property in his own hands; and if the jury should decide that the property was owned by the plaintiff, and that plaintiff was entitled to the possession thereof, it would not affect his rights even if it were worth five times as much as alleged. If the property was decided to belong to defendant, he, having it in his own possession, could not be injured.

NAPTON, Judge, delivered the opinion of the court.

This was a suit before a justice of the peace for the recovery of a horse, and the value of the horse was stated by the plaintiff to be fifty dollars. Upon a trial in the circuit court, where the case went by appeal, there was evidence to show that the horse was worth from seventy-five to one hundred dollars, and the court, at the instance of the defendant, instructed the jury that if the horse was worth more than fifty dollars the plaintiff was not entitled to recover. A nonsuit was taken because of this instruction, and the propriety of the instruction presents the only question in the case.

The statute gives justices jurisdiction of all actions for the recovery of specific personal property not exceeding the value of fifty dollars. (R. C. 1855, p. 926.) It will be observed that, in actions of this kind, before justices of the peace, the plaintiff, upon giving bond, is entitled to the possession of the property sued for. There is no provision, as in suits of this character in the circuit court, for the defendant's retaining the possession by giving his bond. He is not allowed any such privilege, but the plaintiff takes the property under all circumstances, and can retain the property if he prefers

doing so, although the judgment may be against him.   The judgment is for a return of the property or payment of the value, at the option of the defendant.   (R. C. 1855, p. 937, § 15.)   But if the plaintiff does not see fit to produce the property, the defendant gets the assessed value ; and though his title is not lost, yet another suit must be brought to recover the possession of the property itself.

The plaintiff is required by the statute to set forth the actual value of the property.   (R. C. 1855, p. 934, § 1.) The jury, in ascertaining that value, can not exceed the sum fixed by the plaintiff ; certainly not that prescribed by the act as the limit of the justice's jurisdiction.

It is quite apparent, in view of these provisions, that the plaintiff will not be injured by underrating his property ; and if he can, by so doing, give the justice jurisdiction when a just estimate of the value would exceed the statutory limit, the statute may be very easily evaded.   We see no better way of preventing this than the course pursued by the circuit court in refusing to let the plaintiff recover when the property is ascertained to exceed the amount to which the court is limited by statute.

Judge Ewing concurring, judgment affirmed.   Judge Scott absent.